ANNA BROWN, Respondent, v. HARRY KNIGHT, Appellant.— Order of the County Court of Suffolk county modified by striking therefrom the direction that the defendant's attorney pay fifty dollars as a condition for vacating and setting aside the judgment and ordering a trial, and as so modified affirmed, with ten dollars costs and disbursements to appellant. By serving an amended complaint, the plaintiff destroyed the issues and the case was improperly upon the October, 1930, calendar. By the communications which passed between counsel the defendant did not waive his right to a new notice of trial after the service of his answer to the amended complaint. Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ., concur.

THE COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of JOSEPHINE MURPHY, Respondent, v. EDWARD MAHER, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

ANNA CRAIG, as Administratrix, etc., of ROBERT CRAIG, Deceased, Respondent, v. O'BRIEN BROS., INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

JAMES A. CRILLEY, Respondent, v. ANTON NELSON, Appellant.— Judgment of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

THE CUNEO EASTERN PRESS, INC., Appellant, v. BARNETT ASTROWSKY and Others, Respondents, and Others, Defendants.— Judgment dismissing complaint unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ.

ISIDORE FLANZER, Appellant, v. ANNETTE MANOR REALTY CORPORATION, Respondent.— Judgment dismissing complaint reversed upon the law and the facts and a new trial granted, costs to abide the event. Plaintiff made out a *prima facie* case. The admissions in the pleadings and plaintiff's Exhibit 1 established his case. In the present state of the proof, the language in the rider, purporting to defer payment of the brokerage, is innocuous. The admissions of defendant in plaintiff's Exhibit 1 are, however, not conclusive; they are subject to proof establishing as a fact, if it be a fact, that the language in the rider, purporting to defer payment of the brokerage, was part of the initial contract of employment, which evidence, if accepted by a jury, would overthrow the *prima facie* case established by the admissions of defendant in plaintiff's Exhibit 1. (*Amies* v. *Wesnofske*, 255 N. Y. 156.) Lazansky, P. J., Kapper, Carswell, Scudder and Davis, JJ., concur.